UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:11-cr-00142-RCJ-VPC-1 |
| vs. ) | |
| ) | |
| CLIFTON JAMES JACKSON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

On February 8, 2012, a jury convicted Defendant Clifton James Jackson of one count of Possession of a Firearm by a Convicted Felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was represented at trial by Attorneys Ramon Acosta and Lauren Gorman of the Office of the Federal Public Defender ("FPD"). Those attorneys have withdrawn, and the Court has appointed Attorney Leah Wigren to represent Defendant pursuant to the Criminal Justice Act.

Pending before the Court is a motion for new trial, which Defendant filed *in pro se* while still represented by the FPD. The Court previously granted the Government's motion to strike the motion, because represented defendants may not file pleadings *in pro se*. Attorney Acosta then filed a motion at the Court's request asking the Court to reconsider striking Defendant's pleading and to consider it on the merits *nunc pro tunc*. The Court now considers the motion.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Court denies the motion for new trial, because Rule 33 relief is not available on the basis Defendant identifies. The motion is

grounded entirely on the FPD's alleged ineffective assistance, which claims are not cognizable under Rule 33 motions, even where a defendant alleges "newly discovered evidence" of ineffective assistance, but rather must be brought in federal habeas corpus proceedings under 28 U.S.C. § 2255, or in some cases on direct appeal. *United States v. Pirro*, 104 F.3d 297, 299–300 (9th Cir. 1997) (citing *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994)); *accord United States v. Mendoza*, Nos. 07–50002 and 09–50641, 2012 WL 1893538, at *2 (9th Cir. May 25, 2012) (citing *id.* at 299) ("[W]e affirm the denial of Mendoza's new trial motion based on ineffective assistance of counsel; the proper vehicle for this claim is a 28 U.S.C. § 2255 motion.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for New Trial (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 47) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike Pro Se Pleading (ECF No. 55) is GRANTED. Docket No. 52 is STRICKEN. Defendant may not file *pro se* pleadings while represented by counsel.

IT IS SO ORDERED.

Dated this 6th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge